UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MIKE SETTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:18-CV-521-TWP-DCP |
| | ) |
| MICHAEL PARRIS, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**MEMORANDUM OPINION**

The Court is in receipt of a motion for leave to proceed *in forma pauperis* [Doc. 1] and a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254[1] [Doc. 2]. For the reasons set forth below, Petitioner's motion to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, the petition [Doc. 2] will be **DENIED**, and this action will be **DISMISSED**.

**I.     FILING FEE**

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 1] that Petitioner lacks sufficient financial resources to pay the $5.00 filing fee. As such, Petitioner's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**.

**II.    PRELIMINARY REVIEW**

Promptly after the filing of a petition for habeas corpus, the court must review the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254

---

[1] While Petitioner does not rely upon § 2254 in his petition, he challenges the fact or duration of his imprisonment. As such, the Court construes Petitioner's petition as one for relief under § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Cases; *see* 28 U.S.C. § 2243. Where the court makes such a finding, the court should summarily dismiss the petition. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (providing that a district court has the duty to "screen out" petitions that lack merit on their face). Petitions containing factual allegations that are false are subject to dismissal under Rule 4. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After reviewing the instant petition under Rule 4, the Court finds that it must be dismissed because the factual allegations on which Petitioner relies to assert that he is entitled to relief are false.

### III. ALLEGATIONS

In his petition, Petitioner seeks to challenge the Tennessee Board of Paroles' ("TBOP") June 28, 2018,[2] decision to deny his petition for parole to a federal detainer [Doc. 1 p. 2]. Petitioner alleges that this decision violated his due process rights because the TBOP did not "apply the statutorily-mandated criteria in parole and detainer" to his petition, as his state sentence is concurrent with his federal sentence [*Id.*]. Petitioner specifically asserts that Rule 1100-01-01-.09(c)(2) of the TBOP's Rules uses mandatory language stating that "'the board 'shall' order a release to detainer'" and thereby creates a liberty interest in parole on detainer where the criteria of the rule is met [*Id.*]. Accordingly, Petitioner asserts that the TBOP abused its discretion and denied him due process by denying his petition for parole to a federal detainer, as he was entitled to such a release [*Id.* at 3].

---

[2] Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The Court notes that it is unclear whether, and seems unlikely that, Petitioner exhausted his state court remedies by appealing the BOP's June 28, 2018, decision to deny him parole, as Petitioner's § 2254 petition, signed December 10, 2018, does not mention any appeal. *See* Tenn. Code Ann. § 40-28-105(11) (providing that an inmate whose parole has been denied "may request an appellate review by the board"). Regardless, even if the Court assumes that Petitioner exhausted his available state court remedies, the petition lacks merit for the reasons set forth more fully herein.

## IV. ANALYSIS

First, state prisoners do not have a constitutional right to parole. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).

Further, while Petitioner asserts that the TBOP has created a liberty interest in parole on detainer through a rule stating that "'the board 'shall' order a release to detainer,'" this assertion is false. First, the Court takes judicial notice of the TBOP's rules, which are published at https://publications.tnsosfiles.com/rules/1100/1100-01.20090928.pdf. The Court further notes that there is no subsection (2)(c) of TBOP Rule 1100-1-1-.09, which is the rule Petitioner states provides for a mandatory release to a detainer, and that this rule does not mention detainers, but rather provides guidance regarding release of prisoners for parole.[3]

---

[3] Specifically, the full text of TBOP Rule 1100-1-1-09 states as follows:

1100-01-01-.09 RELEASE ON PAROLE DATE.

(1) Grant of Parole.
    (a) A grant of parole shall not be deemed to be effective until a certificate of parole has been delivered to the inmate, by a Board designee, and the inmate has voluntarily signed the certificate.
    (b) If the Board Members have voted to establish a release date, release on that date shall be conditioned upon the continued good conduct of the inmate while remaining incarcerated prior to the effective date, and the approval of a satisfactory release plan.
    (c) If the Board has specified in their decision, that the inmate is to complete a program as a pre-parole condition prior to their effective date, the inmate must complete the program prior to that effective date. If the inmate has not completed the program prior to the effective date, a rescission hearing may be scheduled.
    (d) Upon receipt of significant new information, the Board may, on its own motion, reconsider any parole grant

Moreover, the full text of TBOP Rule 1100-01-01-.11, which is the rule regarding detainers, states as follows:

> 1100-01-01-.11 DETAINERS.
>
> (1) A Detainer is a warrant or hold placed against an inmate by another jurisdiction (called the "detaining authority") notifying the holding facility of the intention to take custody of the individual when he or she is released.
> (2) The presence of a detainer shall not, in and of itself, constitute a valid reason for the denial of parole.
> (3) Parole to Detainers.
>     (a) As used in this rule, unless the context otherwise requires, 'parole to a detainer' means the release of the inmate to the physical custody of the authority who has lodged the detainer.
>     (b) Where the detainer is not lifted, the Board may grant parole to such detainer within their discretion.
>     (c) The Board will cooperate in establishing and maintaining arrangements for concurrent supervision with other jurisdictions, where such arrangements are feasible and where release on parole appears, to the Board, to be justified.
>     (d) If the Board has granted parole to "detainer only" and the jurisdiction placing the detainer, lifts it or fails to take custody of the inmate, a rescission hearing will be scheduled.

Clearly, nothing in this rule provides that "the board 'shall' order a release to detainer" or anything substantively similar. Further, the Court has searched the content of the TBOP Rules and found nothing therein providing that the TBOP "shall" provide a prisoner parole to any detainer or anything substantively similar thereto such that Petitioner may be entitled to relief under § 2254 for the claim in his petition.

Accordingly, Petitioner's only claim for relief is based on his assertion that the TBOP Rules created a liberty interest in Petitioner receiving parole to a detainer by providing that "'the board

---

case prior to the release of the inmate and may reopen and advance or delay a parole date.

'shall' order a release to detainer,'" and this assertion is false. As such, this § 2254 petition [Doc. 1] will be **DENIED** and this action will be **DISMISSED**.

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court finds that jurists of reason would not debate the Court's finding that Petitioner has not made a substantial showing of the denial of a constitutional right.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R:**

             s/ Thomas W. Phillips
            SENIOR UNITED STATES DISTRICT JUDGE